

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50088 | **DATE** | 6/27/2003 |
| **CASE TITLE** | KINSELLA vs. NATALE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the court lacks appellate jurisdiction under 28 U.S.C. § 158(a)(1). This appeal is dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 30 2003 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 6-30-03 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | 03 JUN 30 AM 8:47 Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Appellant, Amy Kinsella, appeals from an order of the bankruptcy court denying her "Objection to Withdraw Order on Rule to Show Cause." Bernard J. Natale, the trustee of appellant's Chapter 7 bankruptcy estate is the appellee. 28 U.S.C. § 158 (a) (1) provides jurisdiction in this court for appeals from final orders entered by the bankruptcy court.

Appellant filed a notice of appeal on February 4, 2003. Unfortunately, the notice of appeal did not designate which order was being appealed. Fed. R. Bankr. P. 8001 (a) provides in part that a notice of appeal shall "conform substantially to the appropriate Official Form." Official Form 17 is the "appropriate Official Form" and it calls for an identification of the order being appealed by date and description. While appellant failed to make this identification in the notice of appeal she does identify the order by date in the jurisdictional statement in her opening brief. She also designated this order for inclusion in the record on appeal. In accord with the general principle that the appellate rules should be liberally construed, see Badger Pharmacal, Inc. v. Colgate-Palmolive Co., 1 F.3d 621, 624 (7th Cir. 1993), the court will consider the notice of appeal sufficient.

This appeal is from an order which refused to grant relief from an order entered by the bankruptcy court on January 6, 2003, finding appellant in contempt for "knowingly and wilfully" violating the bankruptcy court's prior turnover order. However, because the underlying contempt order was not final and appealable, this court lacks jurisdiction to consider this appeal. In order to be final and appealable an order of contempt must include a finding of contempt and the imposition of sanctions. See U.S. ex rel. Small Business Admin. v. Torres, 142 F.3d 962, 969 (7th Cir. 1998). The January 6, 2003, order does not impose any sanction but rather continues the matter for status and orders appellant to submit a statement of income, assets, and liabilities and a reasonable proposal to comply with the bankruptcy court's turnover order. The order makes clear the bankruptcy court intended to conduct further proceedings in the matter so the order cannot be said to be a final decision. See Student Loan Marketing Ass'n. v. Lipman, 45 F.3d 173, 177 (7th Cir. 1995).

For the foregoing reasons, the court lacks appellate jurisdiction under 28 U.S.C. § 158 (a) (1). The appeal is dismissed.